IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MONROE E. BULLOCK,<br>    Plaintiff | C.A. No. 12-248 Erie |
| v | District Judge Hornak<br>Magistrate Judge Baxter |
| GARY BUCK, et al.,<br>    Defendants | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that Defendants' motion to dismiss or, in the alternative, motion for summary judgment [ECF No. 19] be granted, and that this case be dismissed.

### II.    REPORT

#### A.    Relevant Procedural History

On October 17, 2012, Plaintiff Monroe E. Bullock, an inmate formerly incarcerated at the Federal Correctional Institution at McKean in Bradford, Pennsylvania ("FCI-McKean")[1], initiated this civil rights action by filing a *pro se* complaint pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Named as Defendants are the following staff members at FCI-McKean: Gary Buck, counselor ("Buck"); C.O. Maxwell, laundry foreman ("Maxwell"); and Lieutenant Robert F. Scott, corrections officer. ("Scott").

---

[1] Plaintiff is currently incarcerated at the Federal Correctional Institution at Loretto, Pennsylvania.

Plaintiff alleges that Defendants violated his First Amendment rights by retaliating against him for filing grievances against staff members while he was incarcerated at FCI-McKean. In particular, Plaintiff claims that: (i) on or about January 7, 2010, Defendant Buck changed Plaintiff's work assignment without notifying him of the change; (ii) Defendant Buck wrote an allegedly false incident report against Plaintiff after Plaintiff complained that Defendant Buck used excessive force against him on March 15, 2010; (iii) Defendant Buck had Plaintiff placed in a ten-man cell after Plaintiff was released from the Special Housing Unit ("SHU") on or about March 18, 2010, even though Plaintiff's former two-man cell was still available; and (iv) Defendant Scott wrote an allegedly false incident report against Plaintiff on or about April 5, 2010, after Plaintiff refused to drop his complaint against Defendant Buck. (ECF No. 3, Complaint, at Section IV.C). As relief for his claims, Plaintiff seeks monetary damages.

On May 8, 2013, Defendants filed a motion to dismiss or, in the alternative, motion for summary judgment [ECF No. 19], arguing that Plaintiff's claims should be dismissed in their entirety because: (i) they are barred by the applicable statute of limitations; (ii) Plaintiff failed to exhaust his administrative remedies; (iii) Plaintiff has failed to state a cause of action upon which relief may be granted; and (iv) Defendants are entitled to qualified immunity. Plaintiff has since filed a brief in opposition to Defendants' motion. [ECF No. 25]. This matter is now ripe for consideration.

**B.     Relevant Factual History**[2]

On January 4, 2010, Defendant Maxwell signed Plaintiff's request for a change from his "p.m." dining hall job and hired Plaintiff to work in FCI-McKean's laundry service. (ECF No. 3, Complaint, at Section IV.C, ¶ 3). Defendant Buck entered the job change on the computer on January 5, 2010; however, when Plaintiff reported for work at the laundry on January 6, 2010, Defendant Maxwell ordered him to return to his unit, allegedly telling Plaintiff that he was not wanted because he liked "to write up the staff." (Id.). On January 7, 2010, Defendant Buck changed Plaintiff's job back to p.m. dining without notifying him of the change. (Id. at ¶ 4). Plaintiff subsequently discovered the change on January 9, 2010, and on January 11, 2010, he asked Defendant Buck if he had made the change and if he told Defendant Maxwell that Plaintiff filed complaints against staff. (Id. at ¶ 5). Defendant Buck allegedly responded, "staff talk, like inmates talk." (Id.).

On March 5, 2010, Defendant Buck allegedly grabbed Plaintiff while he was returning to his housing unit and "aggressively" searched him. (Id. at ¶ 6). Plaintiff went to Defendant Buck's office afterward and requested grievance forms from him so that he could file a complaint against him for using unjustified force. Later the same day, Plaintiff was called to Defendant Scott's office and was placed in the SHU because Defendant Buck had filed an incident report against Plaintiff after Plaintiff complained to him about the earlier use of force. (Id.).

After Plaintiff was released from the SHU on March 18, 2010, Defendant Buck had Plaintiff placed in a ten-man cell, rather than the two-man cell Plaintiff had previously occupied, which

---

[2] The facts recited herein have been gleaned from the allegations of Plaintiff's Complaint.

Plaintiff alleges was still available. (Id. at ¶ 7). Plaintiff subsequently filed another complaint against Defendant Buck on March 26, 2010, "for his unlawful actions of assault and retaliation." (Id.).

On April 5, 2010, Plaintiff was questioned for two hours by Lieutenant Ashley and a psychologist about his complaint against Defendant Buck. (Id. at ¶ 8). After the interview, Plaintiff alleges that he was told to drop his complaint and was placed in the SHU after he refused to do so. (Id.). On April 9, 2010, Defendant Scott interviewed Plaintiff while he was in the SHU and then wrote an incident report against Plaintiff for lying to staff in relation to his complaint against Defendant Buck.

### C. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d

126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

Recently, the Third Circuit Court prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

**2.  Summary Judgment**

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment shall be granted if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Rule 56(e)(2) further provides that when a motion for summary judgment is made and supported, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. Fed.R.Civ.P. 56(c). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims.  Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed.R.Civ.P. 56(e); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment).  The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents

(i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). See also El v. SEPTA, 479 F.3d 232, 238 (3d Cir. 2007).

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson, 477 U.S. at 248. Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 247-249.

### 3  *Pro Se* **Pleadings**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If

the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### D. Discussion

#### 1. Statute of Limitations

The federal civil rights laws do not contain a specific statute of limitations for § 1983 actions. However, it is well established that the federal courts must look to the relevant state statute of limitations for personal injury claims to determine the applicable limitations period. Sameric Corp. Del., Inc. v. City of Philadelphia, 142 F.3d 582 (3d Cir. 1998)(internal citations omitted). In this regard, federal courts sitting in Pennsylvania have adopted Pennsylvania's two year personal injury statute of limitations set forth at 42 Pa.C.S.A. § 5524, in determining that a

§ 1983 claim must be filed no later than two years from the date the cause of action accrued. See Lake v. Arnold, 232 F.2d 360, 368 (3d Cir. 2000); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451 (3d Cir. 1996). Furthermore, a claim under § 1983 accrues when the plaintiff "knew or should have known of the injury upon which [his] claim is based." Sameric, 142 F.3d at 599.

Here, Plaintiff's original complaint was filed as an attachment to a motion to proceed *in forma pauperis* on October 17, 2012; however, the complaint was apparently signed by Plaintiff on October 12, 2012. (See ECF No. 3, Complaint). Thus, for purposes of applying the statute of limitations, this Court will treat October 12, 2012, as the relevant filing date pursuant to the prison mailbox rule. See Commonwealth v. Castro, 766 A.2d 1283, 1287 (Pa.Super. 2001), citing Commonwealth v. Little, 716 A.2d 1287 (Pa.Super. 1998)(in determining the date upon which a prisoner's pleading is filed, Pennsylvania applies the prison mailbox rule, which provides that the "date of delivery of [the pleading] by the [inmate] to the proper prison authority or to a prison mailbox is considered the date of filing of the [pleading]"). Accordingly, any claim concerning an injury of which Plaintiff "knew or should have known" prior to October 12, 2010, is barred by the statute of limitations.

It is plain from the allegations of Plaintiff's complaint that the last incident of which Plaintiff is complaining occurred on April 9, 2010, more than six months beyond the reach of the statute of limitations. In fact, the record indicates that Plaintiff was transferred from FCI-McKean to FCI-Loretto on or about May 21, 2010. (See ECF No. 20-7 at p. 2). Thus, Defendants could not have taken any retaliatory action against

9

Plaintiff after May 21, 2010, since he was no longer incarcerated at FCI-McKean. Since it is clear that all of Defendants' alleged retaliatory acts occurred well before the statutory cutoff date of October 12, 2010, Plaintiff's claims are barred by the applicable statute of limitations and should be dismissed.3

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss or, in the alternative, motion for summary judgment [ECF No. 19] be granted, and that this case be dismissed.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: October 21, 2013
cc:    The Honorable Mark R. Hornak
       United States District Judge

---

3 Since Plaintiff's claims are untimely, there is no need to address any of the other arguments raised in Defendants' motion.